UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JASKARANJEET SINGH,<br><br>                    Petitioner,<br><br>          v.<br><br>TONYA ANDREWS, Warden of Golden<br>State Annex, et al.,<br><br>                    Respondents. | No.  1:26-cv-05489-KES-HBK (HC)<br><br>ORDER DENYING MOTION TO DISMISS<br><br>Doc. 6 |

Petitioner Jaskaranjeet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  Respondents move to dismiss this case as moot because, after petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents, he signed a form that purportedly waived his right to a hearing before an immigration judge and requested that the government remove him to his home country. *See* Doc. 6.  The form also guarantees that "you may change your mind and request a hearing before a judge in Immigration Court at any time before your departure from the United States." Doc. 6 at 4.

Petitioner's declaration states that: "At no time have I intended to abandon my asylum application or voluntarily return to India."  Doc. 8-2, Singh Decl. at ¶ 3.  "On or about July 2, 2026, while I was in ICE custody, officers presented me with several documents and instructed me to sign them." *Id.* ¶ 4.  "No Punjabi interpreter was present during this encounter or interview." *Id.* ¶ 5.  "None of the ICE officers explained the documents to me in Punjabi or in any language that I could fully understand." *Id.* ¶ 6.  "The officers presented multiple documents

1

for my signature one after another." *Id.* ¶ 7. "I was not told that one of those documents stated that I was giving up my right to appear before an Immigration Judge or that I was requesting to return to India." *Id.* "One of the documents I was given was a Notice to Appear." *Id.* ¶ 8. "I understood that document to mean that I would have a hearing before an Immigration Judge regarding my immigration case." *Id.* "Had anyone explained to me in Punjabi that signing one of the documents would be treated as giving up my right to appear before an Immigration Judge, abandoning my asylum application, or requesting immediate removal to India, I would not have signed it." *Id.* ¶ 10.

Petitioner's declaration further states: "After these documents were served, I appeared before the Immigration Court on July 14, 2026." *Id.* ¶ 14. "During that hearing, the Immigration Judge advised me of my rights and continued my case." *Id.* "My immigration case remains pending, and I am currently scheduled to appear for another hearing before the Immigration Judge on July 30, 2026." *Id.* ¶ 15. "My appearance before the Immigration Court confirmed my understanding that my immigration case was continuing and that I would have an opportunity to pursue my asylum claim before the Immigration Judge." *Id.*

"Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 (1997) (quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980)). "A claim is moot if it has lost its character as a present, live controversy." *Rosemere v. Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F. 3d 1169, 1172 (9th Cir. 2009) (citations omitted).

Petitioner challenges his detention pending his removal proceedings. *See* Doc. 1. From the record, it appears that petitioner's removal proceedings remain pending, despite his signature on the form presented by respondents. This case remains a live controversy and is not moot.

Respondents' motion to dismiss is DENIED. Respondents shall file a response to the petition by July 28, 2026, and shall address whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Crispin M.C. v. Noem*, No. 1:25-CV-

2

01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

IT IS SO ORDERED.

Dated:    July 25, 2026

_____
UNITED STATES DISTRICT JUDGE

3